## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0436-010 |
| | § | (Civil Action No. H-07-1247) |
| OLABODE TIMOTHY ARANSIOLA | § | |

## MEMORANDUM AND ORDER

The defendant, Olabode Timothy Aransiola, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and he has also submitted a memorandum in support of his claims. (Docs. # 409, # 410). The government has file a response and a motion to dismiss, arguing that Aransiola is not entitled to relief. (Docs. # 422, # 423). Aransiola has submitted a reply. (Doc. # 425). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the defendant's § 2255 motion and **dismisses** the corresponding civil action (H-07-1247) for the reasons set forth below.

## I.     BACKGROUND AND PROCEDURAL HISTORY

A federal grand jury returned a multi-count indictment against Aransiola, and ten co-defendants, charging conspiracy to import and conspiracy to possess with intent to distribute one kilogram or more of heroin, among other things. A jury found Aransiola guilty of these charges, as alleged in counts one and two of the indictment. Accordingly, the Court

instructed the Probation Department to prepare a presentence report (a "PSR") for the purpose of determining Aransiola's punishment under the United States Sentencing Guidelines.  At a hearing on January 31, 2005, the Court sentenced Aransiola to serve 360 months in federal prison, followed by a 5-year term of supervised release, consistent with the Guidelines range recommended in the PSR and the facts adduced at trial.

The United States Court of Appeals for the Fifth Circuit summarily affirmed Aransiola's conviction and sentence in a one-page, unpublished, per curiam opinion.  *See United States v. Aransiola*, No. 05-20125 (5th Cir. April 11, 2006).  Subsequently, the United States Supreme Court denied Aransiola's petition for a writ of certiorari.  *See United States v. Aransiola*, — U.S. —, 127 S. Ct. 224 (2006).

Aransiola now argues that he is entitled to relief from his sentence under 28 U.S.C. § 2255.  Liberally construed, Aransiola contends that he is entitled to relief from his sentence for three related reasons: (1) this Court erred at sentencing by applying the United States Sentencing Guidelines as mandatory and binding; (2) because this Court considered the Guidelines mandatory, his sentence violates *United States v. Booker*, 543 U.S. 220 (2005); and (3) he was denied effective assistance of counsel because his appellate attorney did not present a *Booker* claim on appeal or provide him with free copies of his trial transcript for use in challenging his sentence on collateral review.  (Docs. # 409, # 410).  The government argues that Aransiola is not entitled to relief.  Aransiola disagrees.  After reviewing the entire

record, the Court concludes that the defendant is not entitled to relief under § 2255 for reasons discussed briefly below.

## II.    STANDARD OF REVIEW FOR SECTION 2255 MOTIONS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).   When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.*  Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

The defendant proceeds *pro se* in this matter.  *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972).  At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988

F.2d 22, 23 (5th Cir. 1993).  Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III. <u>DISCUSSION</u>

### A. *Booker* <u>Claims</u>

Aransiola raises several related claims that depend on whether his sentence was determined under a mandatory set of Sentencing Guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005).  The government presents portions of the appellate briefing in this case, along with an affidavit from appellate counsel, which show that Aransiola's appellate attorney raised numerous challenges to the sentence under *Booker*.  (Doc. # 423, Exhibits 1 & 2). The Fifth Circuit summarily affirmed the conviction and sentence after finding no reversible error.  *See United States v. Aransiola*, No. 05-20125 (5th Cir. April 11, 2006) (per curiam).  Because Aransiola's *Booker* claims were raised and rejected on direct appeal, these grounds for relief are not cognizable on collateral review.  *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

4

Alternatively, Aransiola's claims are without merit. Aransiola's trial counsel, Richard Kuniansky, filed numerous objections under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), challenging the Guidelines sentence calculations in the PSR. (Doc. # 231). Trial counsel included an objection that these decisions invalidated the United States Sentencing Guidelines and noted that the Supreme Court had granted a writ of certiorari to resolve this issue, referencing *United States v. Booker*. Before the sentencing hearing occurred in Aransiola's case, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court struck down the mandatory component of the federal sentencing scheme and held that, in order to be constitutional, the Sentencing Guidelines could apply in an advisory capacity only.

The record shows that the Court confronted defense counsel's objections and the effect of the Supreme Court's decision in *Booker* at the outset of Aransiola's sentencing hearing, in which the Court announced that it intended to apply the Guidelines as "advisory," and "not mandatory[.]" (Doc. # 428, *Sentencing Transcript*, Jan. 31, 2005, at 4). Thus, contrary to Aransiola's assertion, he was not sentenced improperly under a mandatory Guidelines scheme. Aransiola does not show that the Guidelines range was calculated incorrectly or that his sentence was otherwise unreasonable. Therefore, Aransiola fails to establish that his sentence was tainted by constitutional error under *Booker* or that he is entitled to any relief under 28 U.S.C. § 2255 on this issue.

**B.** **Ineffective Assistance of Counsel on Appeal**

Aransiola contends further that his appellate attorney was deficient for failing to raise a *Booker* violation on direct appeal. A claim of ineffective assistance on appeal is governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

The record refutes Aransiola's claim that his appellate attorney failed to challenge the sentence under *Booker*. As noted above, the government has supplemented the record with portions of the appellate briefing from Aransiola's direct appeal and an affidavit from Aransiola's appellate counsel, Frank Svetlik, who reports that the first twenty-two pages of his appellate brief focused on grounds for relief under *Apprendi*, *Blakely*, and *Booker*. (Doc. # 423, Exhibits 1 & 2). Aransiola does not show that his appellate counsel unreasonably failed to raise an issue under *Booker* or that he otherwise failed to discover and raise a non-

frivolous issue on appeal.  Because Aransiola has not demonstrated that he would have prevailed but for a deficiency on his counsel's part, he has not established a valid claim for ineffective-assistance on appeal.

Aransiola adds an allegation that his appellate attorney was deficient, and that he was prejudiced as a result, because counsel refused to provide him with copies of his trial transcript and other court records during the appeal.  In his affidavit, Svetlik explains that he forwarded a copy of the trial transcript, the sentencing proceeding, and the pretrial conference to Aransiola in April 2007, as soon as he first became aware that Aransiola wanted a copy of these records.  (Doc. # 423, Exhibit 2, *Svetlik Affidavit*).  Aransiola concedes that he received copies of these documents on April 30, 2007, along with notice that the Supreme Court had denied his petition for a writ of certiorari.  (Doc. # 425, *Declaration of Timothy Aransiola*).  Aransiola maintains, however, that he was harmed by counsel's alleged refusal to tender copies of these records at an earlier time.

As Aransiola concedes, he was represented by counsel on direct appeal.  It is well established that a criminal defendant has no constitutional right to hybrid representation, "partly by counsel and partly by himself." *Neal v. Texas*, 870 F.2d 312, 315-16 (5th Cir.1989) (citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978)); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation . . . ."); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (observing that "there is no constitutional right to hybrid representation").  Because hybrid representation is

not allowed, Aransiola does not show that he was entitled to copies of his trial transcript while his appeal was pending.

Aransiola further fails to show that he was entitled to these copies after his direct appeal was terminated.  It is well established that an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding.[1] *See United States v. MacCollom*, 426 U.S. 317 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971).

Even assuming that he had a right to copies of his transcript, Aransiola does not allege specific facts showing how he was harmed.  In that respect, Aransiola has neither demonstrated that his sentence was imposed in error nor shown the existence of a valid claim that would have changed the result of his direct appeal.  Thus, even if counsel was somehow deficient for failing to provide his client with records in a timely manner, Aransiola has not shown that the result of his appeal would have been any different or that he suffered any actual prejudice as a result of his counsel's shortcomings.

In summary, Aransiola has not demonstrated that his appellate attorney's performance was deficient or that he suffered actual prejudice in connection with his appeal.  Therefore,

---

[1]     In a motion dated May 23, 2006, Aransiola requested free copies of his trial transcript and other court records that he needed "for academic and evidentiary research" in preparation for filing a motion under 28 U.S.C. § 2255.  (Doc. # 398).  In an order entered on June 9, 2006, this Court denied Aransiola's request.  (Doc. # 400).

Aransiola fails to establish a valid claim for ineffective assistance of counsel on appeal or that he is entitled to relief under 28 U.S.C. § 2255 on this issue. Because Aransiola has not shown that he is entitled to relief under § 2255 on any of the issues he presents in his motion and supplemental memoranda, the government's motion to dismiss is granted.

## IV.  EVIDENTIARY HEARING

A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (*per curiam*) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)). The record in this case, as supplemented by an affidavit from the defendant's appellate counsel and portions of the appellate briefing, is adequate to dispose fairly of the allegations made by the defendant. A district court need inquire no further on collateral review. Therefore, an evidentiary hearing is not necessary in this instance.

## V.  CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite

9

because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or

whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

## VI.   CONCLUSION AND ORDER

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255.  Based on the foregoing, the Court **ORDERS** as follows:

1.   The defendant's pending § 2255 motion (Doc. # 409) is **DENIED** and the corresponding civil action (H-07-1247) is **DISMISSED** with prejudice.

2.   The government's motion to dismiss (Doc. # 423) is **GRANTED**.

3.   A certificate of appealability from this decision is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-07-1247.

SIGNED at Houston, Texas, on September 27, 2007.

Nancy F. Atlas
United States District Judge